### Kentucky Liquor Co., et al. v. Greenbaum.

(Decided November 14, 1912.)

#### Appeal from Jefferson Circuit Court
#### (Chancery Branch, First Division).

1. Judgment—When Error to Render.—It is a well settled rule that a party is not entitled to any relief not specifically prayed for, unless there is an answer or reply filed to the pleading containing the prayer. Therefore, it was error to render judgment against a surety when none was prayed for and the pleadings were not answered or replied to.

2. Same—Affirmance—Reversal.—When a judgment is authorized against a principal, but is erroneous as to the surety, it will be affirmed as to the former and reversed as to the latter.

DUFFIN, SAPINSKY & DUFFIN for appellants.

WALTER P. LINCOLN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming in part and Reversing in part.

This action was instituted in September, 1908, by appellants against appellee and R. G. Dun & Co., to enjoin R. G. Dun & Co. from delivering and Greenbaum from receiving three notes of $600.00 each and cash amounting to about $237.00. They alleged that the signatures to the three notes and the delivery of the cash to R. G. Dun & Co. were obtained by fraud and misrepresentation. A temporary restraining order was granted. Greenbaum filed an answer and counterclaim in which he denied the allegations of fraud and misrepresentation; set up as a counterclaim an amount which he alleged was due him from appellants as the price of one hundred and twenty-five barrels of whisky, and prayed judgment over against the Kentucky Liquor Co., and for all proper relief. On a final trial in the lower court the injunction was dissolved and a judgment rendered

on the counterclaim against the Kentucky Liquor Co. and Peter Sandburg for the contract price of the liquor.

Appellants claim they were surprised at judgment being rendered on the counterclaim, as they believed that only the questions of dissolving the injunction and determining the fraud alleged, would be heard upon the trial, and that they did not know that the judgment on the counterclaim had been rendered until several months after the trial, and, conceiving this part of the judgment to be a misprision of the clerk, gave notice to appellee and moved the court, under section 763 of the Civil Code, to strike from the judgment the following:

"It is further considered by the court that the defendant, M. S. Greenbaum, doing business under the trade name and style of S. J. Greenbaum recover of the plaintiff, Kentucky Liquor Company, at Tacoma, Washington and Peter Sandburg, of the same city and State, the sum of $2,037.35, with interest thereon from the 15th day of September, 1908, until paid, subject to a credit of the sum of $237.35 as of that date, being cash money restrained in the hands of R. G. Dun & Company, by the order of injunction herein, and his costs herein expended, and that he may have execution therefor upon filing herein the three notes above described. And this case is retained for all such orders and proceedings as may be necessary."

Upon a hearing, the lower court overruled the motion and appellants appealed to this court. The question as to whether the court erred in overruling this motion is the only question to be considered, as there is no appeal from the order dissolving the injunction nor from the disposition of the matter with regard to the alleged fraud and misrepresentation.

It is claimed by appellants that there is no prayer in appellee's answer and counterclaim authorizing that part of the judgment above copied. It is alleged in this pleading that a settlement was made between the parties, of all matters, before appellants brought the action. and it prayed that the cash and notes in the hands of R. G. Dun & Co. be delivered to appellee; that the action be dismissed and that, in the event this could not be done,

"He have judgment over against the Kentucky Liquor Company for the sum of Nineteen Hundred and Fifty-eight and 7-100 ($1,958.07) Dollars with interest thereon from the 1st day of February, 1908, until paid

and for his costs expended in said suit in the Superior Court of Pierce County in the State of Washington and for his costs herein expended, and for all general, proper and equitable relief."

Appellants did not reply to this pleading nor was it controverted of record. It is a well settled rule that a party is not entitled to any relief not specifically prayed for, unless there is an answer or reply filed to the pleadings containing the prayer. Therefore, as appellants' answer and counterclaim was not controverted, the only question is: What relief was specifically sought in the prayer thereof? A judgment was prayed against the Kentucky Liquor Company, but no judgment was asked for against Peter Sandburg. His name was not mentioned in the prayer for relief. Therefore, as appellee did not file nor offer to file an amendment which would have authorized the judgment against Sandburg, the lower court erred in rendering judgment against him and the case will have to be reversed as to him; but, as he was only surety for the Kentucky Liquor Company and the company, as between them, was liable to appellee, and as it must be admitted that the company had notice if the counterclaim, there is no reason why the judgment against it should not be allowed to stand.

For these reasons, the judgment as to the Kentucky Liquor Company is affirmed, and reversed as to Peter Sandburg.